Filed 4/7/15  P. v. Hernandez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE MANUEL HERNANDEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B258935<br>(Super. Ct. No. KA101399-01)<br>(Los Angeles County) |

After the trial court denied his motion to suppress evidence obtained in a warrantless search, Jose Manuel Hernandez pled guilty to carrying a concealed firearm in violation of Penal Code section 25400, subdivision (a)(2).)[1]  He contends the trial court erred when it denied his motion to suppress the evidence.  We affirm.

### FACTS

The Los Angeles District Attorney charged Hernandez with receiving stolen property and two counts of carrying a concealed firearm. (§§ 496, subd. (a), 25400, subd. (a)(2).)  Hernandez moved to suppress evidence pursuant to section 1538.5.  A superior court judge heard the motion to suppress before it conducted the preliminary hearing.

---

[1] All statutory references are to the Penal Code.

Police Officer Joe Dolgovin testified that one evening he was patrolling a neighborhood in Pomona while it was still light outside. He was "providing extra patrol" because of an increase in violent gang activity. He was alone.

Dolgovin saw two people sitting in a legally parked car. He decided to contact them to find out what they were doing. He knew from experience that people park in their cars and use drugs. There was nothing about the car that "suggested the occupants were engaged in criminal activity."

Dolgovin parked directly behind the car and walked toward it. He testified that "[a]s [he] walked up the driver's side of the car, the driver rolled down the window." Dolgovin "[i]mmediately noticed a smell of marijuana coming from the vehicle." Hernandez was sitting in the front passenger seat.

Dolgovin told the driver that he smelled marijuana. Hernandez said that he and the driver had just finished smoking marijuana. The driver said they were getting ready to leave.

Dolgovin decided to investigate "to make sure [the driver] was sober enough to drive off." He called another officer to help him. When the second officer arrived, Dolgovin asked the driver to get out of the car. After he checked the driver for weapons, he asked the second officer to have Hernandez get out of the car. The purpose of having Hernandez get out of the car was for "officer safety" and "to make sure [Hernandez] was sober enough also to leave."

The trial court denied the motion to suppress. It found, "[T]his is a classic case of [a] consensual encounter. The officer candidly said, I want to see what they were doing, and he has a right to do that. [Hernandez] had a right not to speak to him, but in this case the [driver] rolled down the window, [and Hernandez] admitted he smoke[d] marijuana. At that point it turned into a detention. The officer had reasonable suspicion to believe that a crime occurred, smoking marijuana, and did the prudent thing by investigating." The trial court noted there was no evidence of "any type of action taken by the police to tell the occupants that they were not free to leave," and the officer "simply pulled up behind" the car.

2

At the subsequent preliminary hearing, the second officer testified that when Hernandez got out of the car, he asked Hernandez whether he had any weapons or contraband.  Hernandez replied that he had "a gun on him."  The officers handcuffed Hernandez and removed a stolen gun from his waistband.

The trial court held Hernandez to answer.  He waived his right to trial and pled no contest to one count of carrying a concealed firearm in exchange for dismissal of the remaining counts.

## DISCUSSION

Hernandez contends that the trial court erred when it denied his section 1538.5 motion to suppress because the entire encounter was nonconsensual and the officers did not have reasonable suspicion to believe that he had engaged in criminal conduct.  We disagree.

The Fourth Amendment forbids unreasonable state-initiated searches and seizures.  (*Florida v. Jimeno* (1991) 500 U.S. 248, 250-251.)  The state bears the burden of justifying a warantless intrusion.  (*People v. Bower* (1979) 24 Cal.3d 638, 644.)  Appellate review of the legality of a search or seizure is permitted even if a subsequent conviction is predicated upon a plea of guilty or no contest.  (§ 1538.5, subd. (m).)

In reviewing the denial of a motion to suppress, we must resolve all factual conflicts in the manner most favorable to the trial court's ruling.  (*People v. Tully* (2012) 54 Cal.4th 952, 979.)  We defer to the trial court's express and implied findings that are supported by substantial evidence and exercise our independent judgment in determining the legality of the search on the facts so found.  (*Ibid.*)

A detention is reasonable and thus lawful if the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity.  (*People v. Hernandez* (2008) 45 Cal.4th 295, 299; *Terry v. Ohio* (1968) 392 U.S. 1, 21.)  On the other hand, a consensual encounter with police does not implicate the Fourth Amendment and requires no justification.  (*Florida v. Bostick* (1991) 501 U.S. 429, 434; *People v. Rivera* (2007) 41 Cal.4th 304, 309.)  "[L]aw enforcement

3

officers may approach someone on the street or in another public place and converse if the person is willing to do so." (*Rivera*, at p. 309.)

To determine if the encounter is a detention, courts ask whether in view of all the circumstances, a reasonable person would have believed that he or she was not free to leave. (*United States v. Mendenhall* (1980) 446 U.S. 544, 554; *Wilson v. Superior Court* (1983) 34 Cal.3d 777, 790.) The test is objective. The subjective state of mind of the officer or the suspect is irrelevant. (*Whren v. United States* (1996) 517 U.S. 806, 813.) A seizure only occurs when state agents use physical force or a show of authority to restrain a person's liberty. (*In re Manuel G.* (1997) 16 Cal.4th 805, 821.) Circumstances to consider include "the presence of several officers, an officer's display of a weapon, some physical touching of the person, or the use of language or of a tone of voice indicating that compliance with the officer's request might be compelled." (*Ibid.*) "As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy . . . ." (*Mendenhall*, at p. 554.)

Substantial evidence supports the trial court's conclusion that Dolgovin's initial encounter with Hernandez and the driver was consensual. Dolgovin merely approached the parked car. There is no evidence that he asked any questions or even gestured to the driver before the driver rolled down his window and Dolgovin could smell marijuana. Dolgovin was alone. There is no evidence that he used lights, a siren, an authoritative tone, or threats when he said that he smelled marijuana. There is no evidence that he drew a weapon or blocked anyone's path. "[A] detention does not occur when a police officer merely approaches an individual on the street and asks a few questions." (*In re Manuel G., supra*, 16 Cal.4th 805, 821.) Dolgovin did not use any physical force or show of authority before Hernandez said that he and the driver had just smoked marijuana.

A traffic stop results in detention of passengers, as well as the driver. (*Brendlin v. California* (2007) 551 U.S. 249, 255 (*Brendlin*).) But there was no traffic stop and the driver had not been detained when Hernandez admitted smoking marijuana.

4

Once Hernandez admitted smoking marijuana, Dolgovin had a reasonable suspicion to believe criminal activity was underway, i.e., use or possession of a controlled substance.  The driver appeared to be under the influence and said he was about to drive away.  The ensuing detention was lawful, unlike the detentions in *Brendlin* and *People v. Spicer* (1984) 157 Cal.App.3d 213. When the detention is lawful, the passenger may be searched for weapons if the officer has reason to believe the person is armed.  (*Arizona v. Johnson* (2009) 555 U.S. 323, 332.)  The officers had reason to believe Hernandez was armed because he said he was.  The trial court properly denied the motion to suppress.

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

5

Bruce F. Marrs, Judge

Superior Court County of Los Angeles

_____

Law Offices of David W. Williams, David W. Williams for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.